UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FABIAN SANCHEZ, | No. 2:17-cv-00080 GGH P |
| Petitioner, | |
| v. | ORDER ON MOTION FOR RECONSIDERATION |
| CHRISTIAN PHIFFER, WARDEN, | |
| Respondent. | |

*Introduction and Summary*

On January 22, 2019, the undersigned issued a ruling that petitioner receive an evidentiary hearing concerning the issue of prejudice for a claim of ineffective assistance of counsel. ECF No. 18. In a well-written Motion for Reconsideration, respondent requested that the undersigned vacate his ruling for the evidentiary hearing in that petitioner had never developed the factual basis for prejudice in the state court, and should not be provided an opportunity to develop such facts for the first time in federal court. ECF No. 20. In an equally well-written Opposition, petitioner makes the case for essentially a presumption of prejudice, or the holding of an evidentiary hearing in accordance with the initial ruling, or at the very least, that the court stay this case so that petitioner can be given an opportunity to develop the facts in state court. ECF No. 24.

1

The issues raised warrant reconsideration by the undersigned, and after thoughtful reconsideration of the respective positions, including that set forth in respondent's Reply, ECF No. 25, for the following reasons, the undersigned vacates the evidentiary hearing and enters judgment in favor of petitioner.

*Factual Background*

The parties are aware of the detailed facts giving rise to the motion for reconsideration, and the undersigned will not repeat them all here. However, the unique nature of this instant case requires some recapitulation.

Petitioner was charged with burglary in 2010. During a first criminal prosecution, petitioner was offered a plea deal of 8 years, 4 months which he refused. After conviction and sentencing to 14 years, 4 months, petitioner sought direct review in the Court of Appeal. The issue on appeal involved ineffective assistance of counsel because defense counsel held an errant view of the substantive law at trial (also including, apparently during the time he essentially encouraged petitioner to reject the plea offer). The Court of Appeal correctly equated prejudice from ineffective assistance with an undermining of confidence in the outcome, and not necessarily the precise probability of a different outcome had no ineffective assistance been rendered, People v. Sanchez, 2012 WL 3757367, at *5 (Cal. App. Aug. 30, 2012) ("Sanchez 1"). The Court of Appeal ultimately held:

> Defendant was entitled to advice from an attorney who properly understood the elements of the crime with which defendant was charged and the facts the prosecution would have to prove to establish the criminal elements. Instead, defendant had an attorney who misunderstood the elements of the charged offense, and relied on that misunderstanding to provide defendant's defense. The error at issue here is not a trial error that we can assess in light of the evidence received at trial. (See *People v. McDowell* (1968) 69 Cal.2d 737, 750–751.) This is not a case where the evidence adduced at trial is reflective of informed tactical decisions and strategy. Defense counsel's strategic and tactical decisions were not informed, they were misinformed. The adversarial process is seriously undermined when defense counsel does not know the intent required for the offense with which defendant is charged and does not research the relevant law. When that misunderstanding leads counsel to forego a potentially meritorious defense and effectively argue defendant is guilty, we cannot have faith in the results of the trial as being reflective of a fair adversarial process. (See *Ibid.*; see also *People v.*

2

> *Shells* (1971) 4 Cal.3d 626, 630–631.) Accordingly, we must reverse the burglary conviction.

Sanchez 1, 2012 WL 3757367, at *6.

As set forth in this court's previous order, during the criminal proceedings after remand, the possibility of a plea agreement arose again.[1] Petitioner initially refused to consider anything less than what he thought was a "deal" (3 years more or less). And, at one time early in the proceedings in the context of a motion to substitute counsel, petitioner had, as the Court of Appeal found in People v. Sanchez, 2015 WL 3902113 (Cal. App. June 25, 2015) ("Sanchez 2"), refused to consider the plea bargain which had been posited in the first criminal proceeding. Something in petitioner's state of mind changed, however, because he ultimately agreed to "plead to the sheet" based on a promise by the trial judge not to impose more than 14 years 4 months. The facts about when and why the change of mind came about are unknown, but the plea proceeding appears to have taken place fairly close to trial. It is uncontested that at the time petitioner entered into the judicial "plea agreement," he had been, and was, misadvised about the maximum penalty he faced if he went to trial.

In the initial dispositive Order herein, the undersigned found two defects with respect to the acceptance of the judicial promise and subsequent plea of guilty. First, pursuant to Lafler v. Cooper, 566 U.S. 156 (2012), trial counsel in Sanchez 2 could have petitioned the trial judge for an evidentiary hearing to show that petitioner would have accepted the proffered, first proceeding agreement but for the ineffectiveness of the Sanchez 1 counsel, and then, assuming the hearing went in petitioner's favor, further ask the trial judge to exercise his discretion to impose the first proceeding plea offer (8 years , 4 months).[2][3] It is fairly clear from the court discussion with counsel/petitioner early on, that the judge, who informed petitioner that the "ship [first proceeding

---

[1] There were also conflict of counsel issues which were disposed of in the initial Order. Those conflict issues are not part of the reconsideration motion, and are finally resolved.

[2] Because the error of Sanchez 1 counsel was so patent and existed throughout the first proceeding, the hearing might well have gone in petitioner's favor.

[3] The Lafler decision advanced two possible ways to remedy the ineffectiveness of counsel in connection with plea negotiations. See Resp't's Lodg. Doc. No. 21 (Supplemental Letter Brief). The motion for evidentiary hearing and further petitioning the trial judge to impose the first proceeding plea offer fits the situation here.

3

plea offer] had sailed" and the he could not order the prosecution to reoffer it, was unaware of this potential—as was new trial counsel. In Sanchez 2, the Court of Appeal disposed of the Lafler issue by finding that petitioner had expressly disavowed any desire to enter into that agreement. While that was undoubtedly true at the early-on time petitioner desired to obtain new counsel, wherein he referenced his desired "deal," trial counsel never thereafter made a Lafler motion even when it became abundantly clear that petitioner had changed his mind about what constituted a "deal" he would accept. The undersigned did not accept the implicit assumption by the Court of Appeal that there was no potential for the Lafler motion after the early-on time it had been rejected by petitioner. The undersigned found that the Lafler potential was alive and well even up to the time petitioner accepted a much less favorable deal. The undersigned found Sanchez 2 trial counsel ineffective because she never again tried to obtain the 8 years, 4 months deal.

Petitioner ultimately pled guilty "to the sheet" with a *judge* promised "deal" in the range of 10 years, 4 months to 14 years, 4 months. There was no indication in the record that petitioner would not have accepted the lesser sentence of the first proceeding plea offer—of course, he would have had it been available. Petitioner was ultimately sentenced (again) to 14 years, 4 months. The latter part of the judge promised range was actually equal to the maximum penalty that could have been imposed if petitioner had been sentenced *after trial* because of double jeopardy principles. The undersigned found that in addition to the Lafler miscue, the whole plea situation was complicated by counsel's (and the judge's) mis-advice on the maximum potential penalty petitioner faced if no agreement were to be reached. Petitioner had been inaccurately advised that he faced the potential of 18 years, 4 months. The Court of Appeal in Sanchez 2 did not find that counsel had not misadvised petitioner—that was apparent in that double jeopardy principles capped any sentence at 14 years 4 months. However, the Sanchez 2 court disposed of the ineffective assistance maximum penalty mis-advice on the basis that the record was silent as to what petitioner would have done had he known of the true maximum penalty. The undersigned determined that an evidentiary hearing was necessary on the prejudice issue—would petitioner have accepted the harsher-than-Lafler plea promise by the judge had he known of the true maximum penalty. The undersigned found that an evidentiary hearing was necessary whether

4

one believed that the Court of Appeal was AEDPA unreasonable on its determination of "no prejudice" (given that the Court of Appeal had not factored in the Lafler problem combined with the penalty misadvice), or based on the fact that petitioner had not been given an opportunity to demonstrate prejudice.

Respondent does not contest the correctness in the undersigned's finding of the two miscues. However, respondent does assert that petitioner was wrong in having brought the ineffective assistance issue on direct review instead of having developed it factually on motion for vacating the plea, or in state habeas proceedings. Although respondent's Motion for Reconsideration has sharpened the issues, as also has been done in light of the Opposition filed by petitioner's newly appointed habeas counsel, the point of the sharpness has inflicted injury on respondent's position.

If the only ineffectiveness issue here were the mis-advice on the maximum potential penalty, as analyzed by the Court of Appeal, respondent might well be correct. As even the undersigned recently found in Rackley v. Angela, 2019 WL 804006, at *8 (E.D. Cal. Feb. 21, 2019), there is a danger in bringing ineffective assistance issues on direct appeal. One generally must conform the argument on direct review to the extant record. See ECF No. 20 at fn. 1 (citing to Bragg v. Galaza, 242 F.3d 1082, 1090 n.7 (9th Cir. 2001)). Sometimes, however, the appellate court will act on the record and presume prejudice, and as petitioner points out in the Opposition—it happened in this case in Sanchez 1. Moreover, counsel is not necessarily constrained in all circumstances by the record on appeal; well-established California procedure permits the simultaneous-with-direct-review filing of a state habeas petition in the appellate courts or Superior Court. In re Superior Court, 9 Cal. 4th 634, 646 (1995), People v. Seijas, 36 Cal.4th 291, 307 (2005); In re Mancielos, 2 Cal. App. 5th 896, 905 (2016). The appellate court is free to remand the habeas to a lower court, or it is free to address the habeas issues itself with the extra-record facts. With respect to the prejudice issue at bar here—would petitioner have foregone the plea promise of the judge in Sanchez 2 had he known of the true maximum penalty[4],

---

[4] Generally, this is the well-known prejudice issue when ineffectiveness of counsel involves deficiencies in the plea deal context, and the plea offer was accepted. Lafler, 566 U.S. at 163.

5

1  it is unclear why petitioner's Sanchez 2 appellate counsel did not take advantage of this
2  procedure.

3  But the ineffectiveness issue here was complicated by the Lafler issue as well. For this
4  issue, it would not really have been possible to establish a specific factual record of prejudice—
5  that could only be established by the actual motion. But we do know, as petitioner points out, that
6  the trial judge in the second proceeding was amenable, at least for a while, in considering the plea
7  deal offered by the prosecution from the first proceeding. He may very well have reacted
8  favorably to the motion made even after the substitution of counsel proceeding.[5] The potential for
9  success on a Lafler motion, when petitioner realized that he was soon going to go to trial again,
10 and when he had determined to change his previous mind set about what constituted a good deal,
11 was, at the least, very reasonably possible. *Indeed, the non-requested Lafler motion would have*
12 *assisted in establishing the very prejudice the Court of Appeal found lacking in Sanchez 2*.

13 In light of these two overlapping issues, the undersigned now believes that a factual
14 presentation on appeal of prejudice was not necessary, and could only, in part, have been
15 theorized. Taking a cue from Sanchez 1, the undersigned now finds that reasonable jurists'
16 confidence in the second trial court plea proceedings would have been undermined. The two
17 miscues taken in combination did not permit petitioner to understand the true lay of the land when
18 he accepted the plea arrangement, and there is no way to completely, factually recreate a
19 hypothesized situation in this case. It does not really matter when petitioner changed his mind to
20 accepting a plea deal. The Lafler motion should have been attempted, and petitioner should have
21 been apprised of the true maximum penalty. It has become clear that Petitioner was prejudiced by
22 these miscues. See Smith v. Mahoney, 611 F.3d 978, 997 (9th Cir. 2010) ("[A]n evidentiary
23 hearing is not required on issues that can be resolved by reference to the state court record.")
24 (citations and internal quotation marks omitted).
25 ////
26 ////

---

[5] Again, the Sanchez 2 trial judge did not believe he could have imposed the Sanchez 1 proffered plea deal—but he did have that power.

6

Moreover, even in cases where the prejudice issue is a close one, i.e., and a serious error is suspected, the court should err on the side of finding that prejudice. See O'Neal v. McAninch, 513 U. S. 432, 436 (1995).

*Conclusion*

Accordingly, upon reconsideration, IT IS HEREBY ORDERED:

1. The Motion for Reconsideration hearing set for March 14, 2019 is hereby vacated;
2. The petition for writ of habeas corpus (ECF No. 5) is GRANTED in part upon the issue of ineffectiveness of counsel during the timeframe surrounding the judge encouraged plea bargaining process (Ground 3 of the petition);
3. The court adheres to its order filed on January 22, 2019 in denying in part the Petition on grounds of trial counsel conflict of interest (Grounds 1 and 2 of the petition);
4. The evidentiary hearing is hereby VACATED;
5. No further Motions for Reconsideration will be entertained;
6. Criminal proceedings in the state trial court shall be recommenced within 60 days, or if no such proceedings are commenced, and no extensions of time have been granted, petitioner shall be released from custody;
7. In the event a cross-appeal is undertaken on Grounds 1 and 2, petitioner is given a Certificate of Appealability on Grounds 1 and 2; and
8. The Clerk of the Court shall enter judgment in favor of petitioner, and close this case.

DATED: March 4, 2019

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE